The Honorable Paul Suskie City Attorney 300 Main Street Post Office Box 5757 North Little Rock, Arkansas 72119
Dear Mr. Suskie:
I am writing in response to your request for an opinion on whether the City of North Little Rock's decision to release employment-related records of a North Little Rock police officer, with certain information redacted, is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -109 (Repl. 2002 and Supp. 2005). Specifically, you indicate that an arrestee has "sought access to personnel records pursuant to the Freedom of Information Act (FOIA) of all North Little Rock police officers working at the intake facility the night of his arrest." The FOIA request in this instance, among other things, requests "copies of the personnel files" of any such officer. You note that "once it was determined who was on duty that night and the officer was notified of the FOIA request, the officer objected." You state that your request is made "by the City of North Little Rock and on behalf of the officer who is the subject of this request." You state that the "City has reviewed the files and selected information the city believes is subject to FOIA."[1] You also state that the "city has also redacted information that the city officials believe to be exempt from disclose [sic]." You have enclosed a copy of the redacted documents for my review and ask for my opinion on this matter.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2005) is to state whether the decision of the custodian of the records is consistent with the FOIA. In my opinion the City's decision to release personnel records with any necessary redactions is generally consistent with the FOIA. A different standard applies to "employee evaluation and job performance records" which can only be released if certain factors are present. In my opinion, although the City's decision as to release of the "personnel records" is generally consistent with the FOIA, the specific redactions made to the personnel records are not entirely consistent with the FOIA. There are a number of items encompassed within the redacted personnel records you enclose that the City has failed to properly redact. In addition, there are several items that in my opinion have been improperly redacted from the personnel records. Finally, I cannot determine whether some additional items have been properly redacted, because you have not enclosed any un-redacted copies of these records for my review. With regard to "employee evaluation and job performance records" in my opinion the City's decision is generally consistent with the FOIA, but the City is proposing to release some positive job performance records that are not subject to release under the applicable test. I will set out the applicable tests and discuss the items at issue below.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that the subject of the request is a city employee, I believe documents containing the requested information clearly qualify as "public records" under this definition. As my predecessor noted in Op. Att'y Gen. No. 1999-305, "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law."Id. at 2.
Records maintained with regard to a police officer's employment typically comprise both "personnel records" and "employee evaluation/job performance records" within the meaning of the FOIA. It is important for the custodian of the records to classify the records correctly because the standards for releasing these two types of records differ.
Under the relevant statute, A.C.A. § 25-19-105, "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial.Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
With regard to the privacy side of the balancing test, the Arkansas Supreme Court has stated, relying on federal decisions, that there is a substantial privacy interest in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Stilley,supra, 332 Ark. at 311. With regard to the public interest side of the balancing test, the court in Stilley also discussed with approval an aspect of the balancing test used in Department ofDefense v. FLRA, 510 U.S. 487 (1994), which held that the Court's duty was to weigh the privacy interest of the employees at issue therein against the only relevant public interest in the FOI balancing analysis — the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." Id. at 312, quoting FLRA at 497.
The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen.2004-260; 2003-336; 2003-201; 2001-101; 98-001.
A number of documents contained in personnel files are typically releasable under this standard, with appropriate redactions. Ops. Att'y Gen. 2005-268; 2005-011; and 2004-058.
"Employee evaluation or job performance records" on the other hand, are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
Both types of records, "personnel records" and "employee evaluation and job performance records" of the officer in question are enclosed with your request. Although the decision of the City to release the redacted "personnel records" is generally consistent with the FOIA, in my opinion the redactions made by the City from this first category of records are not entirely consistent with the FOIA. In my opinion several additional redactions are required. These items include:
 1. Social security number appearing on October 14, 1991 correspondence from the Director of the Personnel Department to a Captain in the Training/Crime Prevention Division. See Ops. Att'y Gen. 2006-165 (stating that "I have previously opined, in opinions too numerous to recount, that social security numbers of public employees are exempt from public disclosure. See, e.g., Ops. Att'y Gen. 2006-048; 2005-202; and 2001-080 (social security numbers must be redacted in accordance with federal law, citing 5 U.S.C. § 552a, note (the Federal Privacy Act); and 42 U.S.C. § 405(c)(2)(C)(viii))."
 2. Marital Status reflected on an October 15, 1991 Personnel/Payroll Maintenance Document. See Ops. Att'y Gen. 2006-048; 2005-202; 2001-368; 2001-080; 99-016 ("This office has consistently opined that information concerning marital status is not disclosable. See, e.g., Ops. Att'y Gen. Nos. 1998-152; 98-001. Accordingly, such information should be redacted from any records that are released").
 3. Score reflected on a May 14, 1991 letter from the Civil Service Commission. See Ops. Att'y Gen. 2005-268; 2005-202; 2005-113; and 2004-178 ("This office has consistently opined that although the public has a valid interest in knowing that public employees possess a level of skill sufficient to perform their duties, information indicating specific scores is not necessary to satisfy this interest. See Ops. Att'y Gen. Nos. 2003-381; 2003-231; 2003-015; 2002-161; 2001-172; 2000-226; 2000-119; 99-016; 99-002; 97-177; 97-034; 97-033; 93-079; 89-054. . . .").
 4. Information about family life referenced on bottom of Pages two and four of some of the "Structured Interview" documents. See Ops. Att'y Gen. 2001-368; and 2001-080.
On the other hand, there are several items redacted from the "personnel records" that in my opinion are not properly subject to redaction. These items include:
 1. Educational training and work history contained on Page 2 of the Employment Application. See Op. Att'y Gen. 20006-165 and opinions cited therein ("Although certain individual academic records, such as school transcripts, may still be eligible for exemption when contained in personnel files, employee records reflecting a public employee's general educational background, including schools attended and degrees received, appearing for example on an employment application or resume, are open to public inspection under the FOIA"), and ("information related to work history of public employees is subject to disclosure under the act, and does not give rise to a `clearly unwarranted invasion of personal privacy'").
 2. Names of Personal references contained in the Employment Application. See Ops. Att'y. Gen. 2005-131; 2003-027; 2001-368; 93-421 and 93-114. The decision of whether to release addresses and phone numbers of personal references, however, will "depend upon whether they are listed or unlisted and any special privacy interests attendant thereto. See Ops. Att'y Gen. 2005-004; 2001-080 and 2000-306.
 3. Names of individual citizens and businesses writing letters of praise or commendation to officers. See Op. Att'y Gen. 2003-153 (". . . commendations written by third parties (i.e., by persons other than the employer), constitute personnel records"). In my opinion the release of the names of these individuals does not give rise to a "clearly unwarranted invasion of personal privacy" under A.C.A. § 25-19-105(b)(12).
 4. Military Service information contained on Employment Application. You have redacted information occurring after the questions "Have you served in the Armed Forces or National Guard of the United States?" and "Are you presently a member of a reserve unit? Although I cannot tell exactly what has been redacted, I am not aware of any state or federal law authorizing or requiring the redaction of the mere answer of these questions on an employment application.
It is impossible for me to determine, with regard to several other items, whether redactions are consistent with the FOIA. You have not provided any unredacted copies of the records at issue. These items include two redactions on Page 4 of the Employment Application and information redacted from an October 14, 1991 letter from the Director of the Personnel Department to a Captain in the Training/Crime Prevention Division. I thus cannot determine whether your redactions to these "personnel records" are consistent with the FOIA.
With regard to the second category of records typically found in personnel files, "employee evaluation and job performance records," in my opinion the City's decision to release any such records that formed a basis for a final suspension or termination, and in which there is a compelling public interest in disclosure, is consistent with the FOIA. I must note, however, that the City's decision to release a number of commendation documents written by the Chief of Police is not consistent with the FOIA. As my predecessor noted in Op. Att'y Gen. 2003-153, ". . . commendations written by the employer constitute the employee's employee evaluation/job performance records." Such records are not disclosable absent the occurrence of the factors necessary to meet the test for the release of job performance records. See Op. Att'y Gen. 96-005 (where police officer resigned as was neither suspended nor terminated, any listing of awards, commendations or reprimands he received would in all likelihood not be subject to disclosure). See also, Op. Att'y Gen. 99-016 (stating that "all other records in [a personnel] file that would constitute `employee evaluation/job performance records' — both positive and negative — are disclosable only if the . . . three conditions" for release of that category of record have been met). See also, Op. Att'y Gen. 89-368.
In my opinion, therefore, although the decision of the City with regard to the release of both categories of documents is in large part consistent with the FOIA, there are a few items, discussed above, where the custodian's decision is inconsistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] As noted in Op. Att'y Gen. 2006-158, "I am authorized only to review your determination regarding what documents are subject to release, not to advise you in your initial selection of responsive documents. See also, Ops. Att'y Gen. 2006-163 and 2005-175.